UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22395-ROSENBERG

JERRY NEIL ALFRED,

   Plaintiff,

v.

DANIEL J. BERNSTEIN, *et al.*,

   Defendants.

_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff Kelvin Frazier's Civil Rights Complaint pursuant to 42 U.S.C. § 1985 [DE 1]. Because Plaintiff has incurred more than "three-strikes" under the Prison Litigation Reform Act ("PLRA") as partially codified at 28 U.S.C. § 1915(e)(2)(B)(i)–(iii), his Complaint is **DISMISSED** for failure to pay the filing fee. *See* § 1915(g).

### I.  LEGAL STANDARD

The PLRA includes the following provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). To count as a strike under § 1915(g), a dismissal must be "[o]n the grounds that the claims were frivolous, malicious, or failed to state a claim." *Daker v. Bryson*, 748 F. App'x 690, 691–92 (11th Cir. 2019) (citation omitted). A three-strikes plaintiff cannot pay the filing fee after filing suit as a retroactive cure. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

One exception to the three-strikes rule is where the plaintiff demonstrates that he or she is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A three-striker prisoner who is under imminent danger of serious physical injury may file without prepaying the filing fee. *Id.* To determine whether a plaintiff is entitled to this exception, the court must "look to the prisoner's complaint 'as a whole,' construing it liberally and accepting his allegations as true." *Smith v. Clemons*, 465 F. App'x 835, 836 (11th Cir. 2012) (quoting *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004)). However, vague and conclusory allegations of being in imminent danger of serious physical injury "do not satisfy the dictates of § 1915(g)." *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006).

## II.   DISCUSSION

As previously found, Plaintiff is subject to the three-strikes bar. *See Alfred v. Enfinger*, No. 3:16CV227/LC/CJK, 2016 WL 3390481, at *1 (N.D. Fla. May 26, 2016), report and recommendation adopted, No. 3:16CV227/LC/CJK, 2016 WL 3406101 (N.D. Fla. June 17, 2016) Because Plaintiff has accrued at least three strikes he is not permitted to institute this case without prepaying the filing fee. *See Daker*, 784 F. App'x at 691.

In the instant case, Plaintiff did not pay a filing fee. Consequently, he may not proceed *in forma pauperis* unless he demonstrates that he meets the "imminent danger of serious physical injury" exception. *Brown*, 387 F.3d at 1350. Plaintiff has not provided any allegations that establish the imminent danger exception. A review of the Complaint shows that Plaintiff is challenging actions by the Defendants that occurred many years ago, indicating that there is no imminent danger to warrant an exception to the three strikes bar.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

2. All pending motions are **DENIED AS MOOT**; and

3. The Clerk of Court **SHALL CLOSE** this case.

**DONE AND ORDERED** Chambers in West Palm Beach, Florida, this 1st day of July 2024.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc:
Jerry Neil Alfred
M12748
Blackwater River Correctional Facility
Inmate Mail/Parcels
5914 Jeff Ates Road
Milton, FL 32583
PRO SE